UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BIG TICKET TELEVISION, INC. and KING
WORLD CORPORATION d/b/a CBS
TELEVISION DISTIBUTION,

                Plaintiffs,

v.

JESSIE ZARAGOSA and JOHN DOES 1 to 5,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 13-CV-3582

ECF Case

**COMPLAINT**

*JUDGE CROTTY*

Plaintiff Big Ticket Television, Inc. and King World Corporation d/b/a CBS Television Distribution, by their attorneys, bring this action against Defendants Jessie Zaragosa and John Doe and complain and allege as follows:

### Jurisdiction and Venue

1.    This is an action for copyright infringement arising under the Copyright Act, 17 U.S.C. § 101, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2.    This Court has personal jurisdiction over Defendants by virtue of their transacting, doing, and soliciting business in this district and because Defendants engaged in tortious acts causing injury to Plaintiffs and Plaintiffs' property in this district.

3.    Venue is proper in this district under 28 U.S.C. § 1391 and 1400(a).

### The Parties

4.    Plaintiff Big Ticket Television, Inc. ("Big Ticket") is a corporation organized and existing under the laws of the State of Delaware, with a place of business in Santa Monica, California.

5. Plaintiff King World Corporation d/b/a CBS Television Distribution ("CTD") is a corporation organized and existing under the laws of the State of Delaware, with a place of business in New York, New York.

6. Upon information and belief, Defendant Jessie Zaragosa is an individual residing in Long Beach, California.

7. Although the true name and capacity of Defendant John Does 1 to 5 are currently unknown to Plaintiffs, upon information and belief, John Does 1 to 5 participate with Defendant Zagora in in the wrongful activities complained of herein and, in particular, participates in posting videos to YouTube under the username "JudgeJudyWorld1" and other user names, including "JudgeJudyWorld," JudgeJudyWorld2," and "JudgeJudyWorld3." Plaintiffs believe that information it will obtain during discovery will reveal the true identity of John Does 1 to 5.

## Background

8. Big Ticket is actively engaged in the production of copyrighted entertainment products, including programs that licensed television broadcast stations and other licensed media outlets transmit to the public.

9. CTD is actively engaged in the distribution of copyrighted entertainment products, including programs that licensed television broadcast stations and other licensed media outlets transmit to the public.

10. Among the copyrighted television programs owned and produced by Big Ticket and distributed exclusively by CTD is the well-known program *Judge Judy*. *Judge Judy* is enormously popular.

11. The *Judge Judy* program has been viewed by a vast amount of people. It currently is broadcast throughout the United States on a variety of networks and stations, and is seen by more 9 million daily viewers. *Judge Judy* has been the most popular program in daytime

television for the last three years. It is also distributed in a variety of formats, such as DVD, and Blue Ray discs.

12. One of the episodes of the program, episode number 3994, first aired on June 1, 2012. Big Ticket owns U.S. Copyright Registration No. PA 1-795-053 for this episode.

### Defendant's Unlawful Conduct

13. Defendants have, without any license or authorization from Plaintiffs, engaged in a pattern and practice of posting copyrighted episodes of *Judge Judy* to the Internet. Defendants have also falsely claimed rights with regards to the episodes of *Judge Judy*, and have sought to monetize their unauthorized postings of the show and derive revenue therefrom.

14. Defendants maintain an account with YouTube under the username "JudgeJudyWorld1," and post unauthorized copies of copyrighted episodes of *Judge Judy* under that username. Upon information and belief, Defendants maintain additional accounts with YouTube under various names including "JudgeJudyWorld," JudgeJudyWorld2," and "JudgeJudyWorld3."

15. For example, using the username JudgeJudyWorld1, Defendants uploaded and posted a copy of *Judge Judy* episode 3994 to YouTube, where it was accessible at the following address: http://www.youtube.com/watch?v=kUruUKwh7Ow.

16. Examples of the unauthorized copy of episode 3994 posted to YouTube by Defendants are shown in the following screen shots of the page that was accessible at http://www.youtube.com/watch?v=kUruUKwh7Ow:





4



17. Defendants uploaded the entirety of episode 3994. Defendants' posting of this episode was neither authorized by Plaintiffs nor any provisions of law.

18. Upon information and belief, Defendants have also posted unauthorized copies of episodes of *Judge Judy* to YouTube under other user names, including but not limited to "JudgeJudyWorld," "JudgeJudyWorld2" and "JudgeJudyWorld3."

19. Plaintiffs have not licensed Defendants nor given Defendants permission to reproduce, distribute, make derivative works of or publicly display copyrighted *Judge Judy* episodes.

20. In fact, Big Ticket sent a DMCA takedown notice to YouTube seeking the removal of Defendants' infringing copy of *Judge Judy* episode 3994 from the YouTube site. YouTube initially complied with this takedown notice but Defendants improperly sent a counter-notice seeking the reposting of his unlawful copies.

21. Defendants' infringement of Plaintiffs' copyright is willful within the meaning of the Copyright Act.

22. As a direct and proximate result of Defendants' conduct, Plaintiffs have been substantially and irreparably harmed. Unless enjoined by this Court, Defendants will cause further irreparable harm to Plaintiffs.

## CLAIM FOR COPYRIGHT INFRINGEMENT

23. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24. *Judge Judy* episode 3994 is original to Plaintiffs and copyrightable subject matter under the laws of the United States.

25. The Register of Copyrights has issued a Certificate of Registration for this episode.

26. Plaintiffs have complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and have secured the exclusive rights and privileges in and to the copyright in the episode.

27. By their actions alleged above, Defendants have infringed and will continue to infringe Plaintiffs' copyright in the episode.

28. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been harmed in an amount not readily capable of determination.

29. By reason of the foregoing, Plaintiffs are entitled to preliminary and permanent injunctive relief enjoining further infringement of the episode by Defendants, and to recover such actual or statutory damages (including damages for willful infringement) that have been caused by or are attributable to Defendants' unlawful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor granting relief as follows:

A.  A preliminary and permanent injunction enjoining Defendants from committing further infringement of the copyright in episodes 3994 of *Judge Judy*;

B.  An award for damages suffered by Plaintiffs for all damage incurred as a result of Defendants' infringement in an amount to be determined at trial or, alternatively, for statutory damages for willful infringement;

C.  An award for Plaintiffs' attorneys fees, costs and expenses; and

D.  Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 28, 2013

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: _____
Robert Penchina
321 W. 44th Street, Suite 1000
New York, NY 10036
Telephone: (212) 850-6100
Fax: (212) 850-6299
rpenchina@lskslaw.com
*Attorneys for Big Ticket Television, Inc. and King World Corporation d/b/a CBS Television Distribution*