```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
BIG TICKET TELEVISION, INC. and KINGS    :
WORLD CORPORATION d/b/a CBS              :
TELEVISION DISTRIBUTION,                 :
                                         :
        Plaintiffs,                      :
                                         :
        -against-                        :
                                         :       13 Civ. 3582 (PAC)
JESSIE ZARAGOSA and JOHN DOES 1 – 5      :
                                         :       OPINION & ORDER
        Defendants.                      :
------------------------------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 16, 2013

HONORABLE PAUL A. CROTTY, United States District Judge:

Upon consideration of the Ex Parte Application for Order Authorizing Immediate Discovery, the accompanying Memorandum filed by plaintiffs Big Ticket Television, Inc. and King World Corporation, and the Declaration of Mallory Levitt, it is hereby ordered that:

1. Good cause exists for immediate discovery in this case and will enable Plaintiffs to ascertain the identities of the Defendants or to effectuate service upon them.

2. Plaintiffs may serve immediate discovery on Google to obtain the true identities of Defendant Jessie Zaragosa and John Does 1 to 5 by serving a Rule 45 subpoena seeking documents and other electronically-stored information that may be used to identify the individual or individuals maintaining an account with YouTube under the user names "JudgeJudy World," "JudgeJudyWorld1," "JudgeJudyWorld2," and "JudgeJudyWorld3," including names, current addresses, permanent addresses, telephone numbers, e-mail addresses, internet protocol ("IP") addresses (together with the date and time the address was assigned to the user name), and the Media Access Control ("MAC") addresses of their computer hardware.

1

3. Upon receipt from Google of one or more IP addresses, Plaintiffs may serve discovery on the relevant Internet Service Providers ("ISP") to obtain documents and other electronically-stored information that may be used to further identify Jessie Zaragosa, or, if no such person exists, John Doe 1 (collectively with Jessie Zaragosa, "the Defendant"), including documents and information containing her or her name, current address, permanent addresses, telephone numbers, e-mail addresses, and the MAC addresses of their compute hardware. Plaintiffs shall have fifteen (15) days from receipt of the information requested from Google to move for further expedited discovery and explain why joinder is appropriate regarding any other Defendants that may exist. See John Wiley & Sons, Inc. v. John Doe Nos. 1-22, 2013 WL 1091315 (S.D.N.Y. Mar. 15, 2013).

4. Counsel for Plaintiffs shall provide a copy of this Order to each subpoena recipient.

5. When Google and the ISPs are served with their respective subpoenas, each shall have five (5) business days to serve a copy of this Order on the Defendant, including by e-mail. The Defendant shall have thirty (30) days from the date this Order is served on him or her to file any motion with this Court contesting the subpoena, including a motion to quash or modify the subpoena. Neither Google nor the ISPs may turn over the Defendant's identifying information to Plaintiffs before the expiration of this period.

6. When Google and the ISPs are served with their respective subpoenas, each shall immediately preserve the subpoenaed documents and information, pending resolution of any timely-filed motion to quash or modify.

7. If the thirty-day period lapses without the Defendant contesting the subpoena, the subpoena recipient shall have ten (10) days to produce the information responsive to the subpoena to Plaintiffs.

8. No subpoena recipient shall assess any charge in advance of providing the information requested in the subpoena. Any subpoena recipient that elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiffs.

9. Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for purposes of protecting and enforcing Plaintiffs' rights as set forth in their Complaint.

It is **SO ORDERED.**

Dated: New York, New York
July 16, 2013

*/s/ Paul A. Crotty*

PAUL A. CROTTY
United States District Judge